IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Green Textile Associates, | ) | |
| Inc. and John S. Simon, | ) | CA No. 7:05-3233-HMH |
| | ) | |
| Plaintiffs, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Federal Insurance Company, Fireman's | ) | |
| Fund Insurance Company, Insurance | ) | |
| Company of North America, | ) | |
| New Hampshire Insurance Company, | ) | |
| Peerless Insurance Company, and Royal | ) | |
| & Sun Alliance, as successor in interest to | ) | |
| New Amsterdam Casualty, Co., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Federal Insurance Company's ("Federal") motion for partial summary judgment on the Plaintiffs' declaratory judgment and breach of contract claims. For the reasons below, the court grants Federal's motion for partial summary judgment.

I. FACTUAL & PROCEDURAL BACKGROUND

The Plaintiffs allege that they are entitled to liability insurance coverage from the Defendants as a result of a lawsuit previously brought in this court captioned SSS Management Corporation v. The Chestnut Group, Inc. et. al, No. 04-2240-HMH ("underlying lawsuit"). In the underlying lawsuit, SSS Management Corporation ("SSS") alleged that in January 2000, it discovered contamination on parcel 31.01 of its property, which consisted of two parcels of land (collectively "Property") in Spartanburg County. (Def.'s Mem. Supp. Partial Summ. J. Ex. 3 (Am. Compl. ¶ 33).) Later, between February and May 2003, SSS discovered contamination on

1

parcel 31.02 of the Property. (Id. Ex. 3 (Am. Complaint ¶ 35).) SSS accused the Plaintiffs, Green Textile Associates, Incorporated ("Green Textile") and John S. Simon ("Simon"), of disposing contaminated waste on the Property over several decades. (Id. Ex. 3 (Am. Complaint ¶¶ 16, 22-24, 42).)

Federal alleges that it had no duty to defend or to indemnify the Plaintiffs in the underlying lawsuit and moves for partial summary judgment on the Plaintiffs' declaratory judgment and breach of contract claims alleging that it failed to provide a defense and indemnity for the claims alleged in the underlying lawsuit. "Federal admits that it issued one or more general liability policies which named . . . Green Textile as an additional named insured during the period December 30, 1977 through December 30, 1984." (Def.'s Mem. Supp. Partial Summ. J. 2.) The declarations page indicates that the Policy has three coverage parts: comprehensive general liability insurance ("CGL"), personal injury liability insurance ("PIL"), and contractual liability insurance ("CLI"). (Pls.' Mem. Opp'n Partial Summ. J. 3.) Federal alleges that it is entitled to summary judgment on these claims because the Plaintiffs intentionally disposed of hazardous waste on the Property, which is excluded from coverage under the Policy's pollution exclusion (hereinafter "pollution exclusion") set forth in the CGL coverage. (Def.'s Mem. Supp. Partial Summ. J. Ex. 1 (Policy, CGL Coverage Part).) The pollution exclusion provides as follows:

> This Insurance does not apply: . . . (f) to **bodily injury** or **property damage** arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

(Id.. Ex. 1 (Policy, CGL Coverage Part).)  In contrast, the Plaintiffs argue that the pollution exclusion does not preclude coverage.  The Plaintiffs contend that Federal had a duty to defend because SSS's amended complaint alleged claims for continuing trespass and continuing nuisance, which the Plaintiffs argue are covered under the PIL coverage set forth in the Policy.  (Pls.' Mem. Opp'n Partial Summ. J. Ex. 2 (Policy, PIL Coverage Part).)  The Policy provides in pertinent part in the PIL coverage as follows:

> The company [Federal] will pay on behalf of the insured [Green Textile] all sums which the insured shall become legally obligated to pay as damages because of injury (herein called "personal injury") sustained by any person or organization and arising out of one or more of the following offenses committed in the conduct of the named insured's business:
>
> . . . .
>
> Group C - wrongful entry or eviction, or other invasion of the right of private occupancy; if such offense is committed during the policy period . . . and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury even if any of the allegations of the suit are groundless, false or fraudulent . . . .

(Pls.' Mem. Opp'n Partial Summ. J. Ex. 2 (Policy, PIL Coverage Part).)  Moreover, the Plaintiffs allege that even if the pollution exclusion applies, the facts of the amended complaint establish a duty to defend.  (Id. 14-16.)  In addition, the Plaintiffs submit that issues of fact remain concerning whether Federal owes a duty to indemnify the Plaintiffs.  (Id. 17-18.)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the  party is entitled to a judgment as a matter of

3

law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### B. Federal's Partial Summary Judgment Motion

#### 1. Duty to Defend

"If the facts alleged in the complaint raise a reasonable possibility that the insured may be held liable for some act or omission covered by the policy, then the insurer must defend. If no such possibility is raised, no duty of defense is owed." Liberty Life Ins. Co. v. Commercial Union Ins. Co., 857 F.2d 945, 949 (4th Cir. 1988). "Accordingly, the allegations of the complaint determine the insurer's duty to defend." Federated Mut. Ins. Co. v. Piedmont Petroleum Corp., 444 S.E.2d 532, 533 (S.C. Ct. App. 1994). "Hence, whether a duty to defend exists is determined by comparing the allegations of the complaint to the terms of the policy." Liberty Life, 857 F.2d at 949-50. "Moreover, an insurer has no duty to defend an insured where the damage was caused by a reason unambiguously excluded under the policy." Federated Mutual, 444 S.E.2d 533. However, "the inclusion of some non-covered claims does not

abrogate an insurer's duty to defend when a complaint raises claims covered by the policy." Isle of Palms Pest Control Co. v. Monticello Ins. Co., 459 S.E.2d 318, 319 (S.C. Ct. App. 1994).

In comparing the allegations in SSS's amended complaint to the terms of the Policy, the interpretation of the Policy is "subject to general rules of contract construction." State Farm Mut. Auto. Ins. Co. v. Calcutt, 530 S.E.2d 896, 897 (S.C. Ct. App. 2000) (internal quotation marks omitted). Courts must "give policy language its plain, ordinary and popular meaning." Id. "When the contract is unambiguous, clear, and explicit, it must be construed according to the terms used by the parties." Myers v. Nat'l States Ins. Co., 606 S.E.2d 486, 488 (S.C. Ct. App. 2004). "The judicial function of a court of law is to enforce an insurance contract as made by the parties, and not to rewrite or to distort, under the guise of judicial construction, contracts, the terms of which are plain and unambiguous." Stewart v. State Farm Mut. Auto. Ins. Co., 533 S.E.2d 597, 601 (S.C. Ct. App. 2000). "Where language used in an insurance contract is ambiguous, or where it is capable of two reasonable interpretations, that construction which is most favorable to the insured will be adopted." Poston v. Nat'l Fid. Life Ins. Co., 399 S.E.2d 770, 772 (S.C. 1990) (internal quotation marks omitted). In other words, "when an insurance policy . . . is susceptible to more than one reasonable interpretation, one of which would provide coverage, th[e] Court must hold as a matter of law in favor of coverage." Gaskins v. Blue Cross-Blue Shield of South Carolina, 245 S.E.2d 598, 602 (S.C. 1978).

As an initial matter, the Plaintiffs' argument that Federal had a duty to defend because the PIL covers claims for continuing nuisance and continuing trespass is without merit. In the amended complaint in the underlying lawsuit, SSS alleged that the Plaintiffs' pollution of the Property constituted a continuing nuisance and a continuing trespass. The PIL covers, in

pertinent part, "wrongful entry or eviction, or other invasion of the right of private occupancy." (Pls.' Mem. Opp'n Partial Summ. J. Ex. 2 (Policy, PIL Coverage Part).)  Although there is no South Carolina case or court applying South Carolina law on point, courts have found that in property pollution cases, "allegations of continuing nuisance, continuing trespass and invasion . . . do [not] constitute the . . . offense of wrongful entry or eviction or other invasion of the right of private occupancy."  County of Columbia v. Continental Ins. Co., 634 N.E.2d 946, 950 (N.Y. 1994) (internal quotation marks omitted); see also Whiteville Oil Co. v. Federated Mut. Ins. Co., No. 95-2015, 1996 WL 327207, at *2 (4th Cir. June 14, 1996) (unpublished) (affirming trial court's finding that plaintiff was "merely attempting to convert a property offense into a personal injury offense to avoid the pollution exclusion").[1]  The court agrees with the holdings in Columbia and Whiteville Oil.  Therefore, the court finds that the PIL does not provide coverage for continuing trespass or continuing nuisance as a result of pollution that causes an injury to property.

Second, the Plaintiffs' argument that the allegations of the amended complaint establish that Federal had a duty to defend also fails.  The pollution exclusion states that:

> This Insurance does not apply: . . . (f) to **bodily injury** or **property damage** arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

---

[1] The court recognizes that, absent unusual circumstances, the citation of unpublished opinions of the Fourth Circuit is disfavored.  See U.S. Ct. App. 4th Cir. Rule 36(c).  However, because there is no published opinion in the Fourth Circuit on point, the court believes its reference to the above-mentioned cases is relevant and appropriate.

(Def.'s Mem. Supp. Partial Summ. J. Ex. 1 (Policy, CGL Coverage Part).)  SSS's amended complaint alleges that the Plaintiffs disposed of hazardous substances including perchlorethylene ("PCE") and trichloroethylene ("TCE"), which were used in the Plaintiffs' textile operations, on the Property.  (Def.'s Mem. Supp. Partial Summ. J. Ex. 3 (Am. Compl. ¶¶ 21-24).)  Further, the amended complaint alleges that the Plaintiffs "intentionally entered upon and disposed of waste containing hazardous substances directly onto the ground surface of [the Property] from before March 10, 1980 to July 26, 1985."  (Id. Ex. 3 (Am. Complaint ¶¶ 59, 62).)

Notably, the Plaintiffs do not argue that the disposal of PCE and TCE was sudden and accidental.  Instead, the Plaintiffs allege that the "Amended Complaint is certainly capable of a reading that leads to a conclusion that the pollution exclusion . . . does not apply."  (Pls.' Mem. Opp'n Partial Summ. J. 14.)[2]  The Plaintiffs focus on paragraph 35 of the amended complaint, which alleges that surface contamination of PCE and TCE was "a source" of the groundwater contamination on the Property.  The Plaintiffs argue that the fact that surface contamination may not have been the only source "gives rise to the existence of other sources of contamination

---

[2]The Plaintiffs submitted the affidavit of Robert N. Hughes ("Hughes") in support of their argument that the Policy potentially covers the claims alleged in the amended complaint. Federal filed a motion to strike Hughes' affidavit as inadmissible under the Federal Rules of Evidence because it is irrelevant and contains legal conclusions of an expert witness. (Def.'s Mem. Supp. Strike 3.)  In determining whether there is a duty to defend, South Carolina law requires the court to compare the allegations of the amended complaint to the Policy.  BP Oil Co. v. Federated Mut. Ins. Co., 496 S.E.2d 35, 39 (S.C. Ct. App. 1998).  Moreover, the Plaintiffs do not argue and Hughes does not opine in his affidavit that Federal had actual knowledge of any facts outside of SSS's amended complaint that could give rise to a duty to defend. Therefore, the court has not considered Hughes' affidavit in determining whether Federal owed a duty to defend the Plaintiffs in the underlying lawsuit.  Having not considered the affidavit, the court denies the motion to strike as moot.

yielding a reasonable conclusion that there may have been a release falling within the exception to the pollution exclusion. . . ." (Id.)  The court disagrees.

"[P]roperty damage caused by pollution arising from ordinary business operations is not covered [under the pollution exclusion].  But if the damage were caused by a sudden and accidental discharge, release, or escape of pollutants, then the insurers must provide coverage." Helena Chem. Co. v. Allianz Underwriters Ins. Co., 594 S.E.2d 455, 460 (S.C. 2004) (internal quotation marks omitted).  In this context, "sudden" has been interpreted by the Supreme Court of South Carolina to mean "unexpected."  Greenville County v. Ins. Reserve Fund, 443 S.E.2d 552, 553 (S.C. 1994).  It plainly appears from a review of the amended complaint that the Plaintiffs' disposal of PCE and TCE in the textile operation was neither unexpected nor accidental.  The amended complaint alleges that the Plaintiffs used hazardous substances, PCE and TCE, in the textile operations and intentionally disposed of PCE and TCE onto the Property over many years.  (Def.'s Mem. Supp. Partial Summ. J. Ex. 3 (Am. Compl. ¶¶ 21-24, 59, 62).) As such, when the allegations of the amended complaint are compared to the terms of the Policy, there is no possibility of coverage because the pollution exclusion unambiguously applies and precludes coverage.  Therefore, Federal had no duty to defend the Plaintiffs in the underlying lawsuit.

### 2.  Duty to Indemnify

Federal argues that because it had no duty to defend the Plaintiffs, it has no duty to indemnify them.  The Plaintiffs submit that "[i]f Federal is correct, then every insured is at risk whenever a carrier wrongfully denies that it has a duty to defend, for if the insured in the interest of financial survival, settles a claim before there is a finding of fact that conclusively triggers

coverage, there would never be coverage." (Pls.' Mem. Opp'n Partial Summ. J. 17). The court disagrees. If there is a duty to defend, whether the insurer actually defended the insured or wrongfully denied the insured a defense, and a settlement is reached concerning claims covered under an insurance policy, the insurer has a duty to indemnify. "[T]he duty to defend in South Carolina is broader than the duty to indemnify." Liberty Life Ins. Co. v. Commercial Union Ins. Co., 857 F.2d 945, 950 (th Cir. 1988) (applying South Carolina law). An insurer owes a duty to defend based on alleged facts that are possibly covered under a policy. Perdue Farms, Inc. v. Travelers Cas. And Surety Co. of Am., 448 F.3d 252, 257 (4th Cir. 2006) (applying Maryland law). However, "the duty to indemnify depends upon liability" under a policy. Id. at 260 (internal quotation marks omitted).

In support of their argument, the Plaintiffs cite an opinion from the United States Court of Appeals for the Second Circuit for the proposition that "[i]n order to recover the amount of the settlement from the insurer, the insured need not establish actual liability to the party with whom it has settled so long as . . . a potential liability on the facts known to the [insured is] shown to exist. . . ." Luria Bros. & Co. v. Alliance Assurance Co., 780 F.2d 1082, 1091 (2d Cir. 1986) (internal quotation marks omitted, alteration in Luria Brothers). However, Luria Brothers supports the court's finding. The settlement of the underlying lawsuit resolved the claims in the amended complaint, and the facts alleged in SSS's amended complaint establish that the Policy's pollution exclusion bars coverage for these claims. As such, because there is no possibility of coverage under the allegations of the amended complaint, Federal has no duty to indemnify the Plaintiffs. Therefore, because Federal had no duty to defend or to indemnify,

Federal's motion for partial summary judgment on the Plaintiffs' declaratory judgment and breach of contract claims is granted.

Therefore, it is

**ORDERED** that Federal's motion for partial summary judgment, docket number 51, is granted. It is further

**ORDERED** that Federal's motion to strike, docket number 61, is denied as moot.

**IT IS SO ORDERED**.

                                            s/Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
June 16, 2006